# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **KIMBERLEY EDGE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No.:   3:23-cv-00684 |
| ) | |
| ) | **JURY DEMAND** |
| **DAECHANG SEAT CORP USA,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

### I.    INTRODUCTION

1. This is an action for legal and equitable relief brought by Plaintiff Kimberley Edge to redress sex discrimination and retaliation. The suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (hereinafter "Title VII"), which provides for relief against discrimination and retaliation in employment. Plaintiff seeks all available relief under these statutes and request a jury trial pursuant to 42 U.S.C. §1981a. This suit also asserts state law claims of negligent/wanton supervision and negligent/wanton retention.

### II.    JURISDICTION AND VENUE

2. The jurisdiction of the Court is invoked pursuant to the Act of Congress known as Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et seq*. The jurisdiction of this Court is invoked to

secure protection of and redress deprivation of rights providing for injunctive and other relief against sex discrimination and retaliation in employment.

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1343, 2201, and 2202. Jurisdiction over Plaintiff's claims under Alabama law exist pursuant to the doctrine of supplemental jurisdiction, 28 U.S.C. §1367.

4. A substantial portion of the unlawful employment practices alleged hereinbelow were committed by the Defendant within Russell County, Alabama.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). Plaintiff requests a jury trial on all issues pursuant to 42 U.S.C § 1981a.

### III. PARTIES

6. Plaintiff, Kimberley Edge ("Edge" or "Plaintiff"), is a female citizen of the United States. At all times relevant to this lawsuit, the plaintiff was employed by the defendant at its Phenix City, Alabama location.

7. Defendant, Daechang Seat Corp USA ("Daechang"), is an employer within the meaning of that term as used in Title VII of the Act of Congress known as the Civil Rights Act of 1964, amended by the Civil Rights Act of 1991.

### IV. ADMINISTRATIVE EXHAUSTION

8. The plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

9. Plaintiff timely filed her charge of discrimination within 180 days of occurrence of the last discriminatory act. Plaintiff has timely filed her suit within ninety (90) days of receipt of the right-to-sue letter issued by the EEOC.

## IV. **STATEMENT OF FACTS**

10. Plaintiff re-alleges and re-pleads the above and incorporate by reference paragraphs 1 through 9 above with the same force and effect as if fully set out in specific detail herein below.

11. Plaintiff Kimberley Edge was employed as Human Resources and Safety Manager from October 2019 until her unlawful termination on October 21, 2022.

12. During Plaintiff's employment, she was discriminated against on the basis of her sex and retaliated against.

13. In October 2022, Plaintiff received complaints of sexual harassment by male employees toward multiple female employees. These were not the first complaints of sexual harassment during Plaintiff's employment.

14. Upon receiving the complaints in October 2022, Plaintiff conducted investigations including talking with witnesses and confirming the harassing behavior.

15. Plaintiff reported the complaints and her findings to her supervisor, J.B. Lee, (Senior HR and Administration Manager), Calvin Evans, (Plant Manager) and JongHo Kim, (VP Domestic).

16. After receiving no response from management as to the complaints and action to be taken, Plaintiff repeatedly went to Lee and questioned the lack of response and failure to take action against the harassers and to protect the female work force.

17. On or around October 20, 2022, Plaintiff again approached Lee and complained about the harassment and refusal to take any action.

18. Lee informed Plaintiff that Mr. Kim thought it best if they parted ways.

19. On October 21, 2022, Plaintiff met with Lee and Kim and Kim asked her to resign.

20. When Plaintiff refused, Kim stood up and turned his back to her and refused to speak any further.

21. Lee handed Plaintiff a typed letter which stated she resigned.

22. Plaintiff refused to sign the letter and was fired.

23. Lee informed Plaintiff that she was being terminated because she complained too much and brought too many complaints to them.

24. When Plaintiff responded that she believed her termination was illegal, Lee said they would get statements complaining against her.

25. Plaintiff has been discriminated against by Defendant on the basis of sex, in violation of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, in regard to disparate treatment, having to work in a sexually hostile environment and other terms and conditions of employment.

26. Plaintiff further has been retaliated against for engaging in protected activity and her termination was a result of her complaints.

### COUNT ONE: PLAINTIFF'S CLAIM OF RETALIATION PURSUANT TO TITLE VII

27. Plaintiff re-alleges and incorporates by reference paragraphs 1-26, above with the same force and effect as if fully set out in specific detail hereinbelow.

28. Plaintiff complained to supervisors and management about the sexual harassment which female employees were subjected.

29. Plaintiff further complained about management's failures to take action related to sexual harassment; to adequately protect the female workforce; and to allow female employees to work in an environment free of harassment.

30. As a result of her complaints, Plaintiff was terminated.

31. Plaintiff engaged in protected activity.

32. Plaintiff was subjected to adverse actions.

33. Defendant's actions are casually related to Plaintiff's protected activity.

34. Defendant does not have a non-retaliatory reason for its actions.

35. Defendant's conduct was pretext for retaliation.

36. Plaintiff was treated differently than similarly situated individuals who did not complain of discrimination and harassment.

37. Because of such conduct, the Plaintiff has suffered severe emotional distress, embarrassment and humiliation.

38. Defendant engaged in the practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

## COUNT TWO: PLAINTIFF'S CLAIMS OF SEX DISCRIMINATION PURSUANT TO TITLE VII

39. Plaintiff re-alleges and re-pleads the above and incorporate by reference paragraphs 1 through 38 above with the same force and effect as if fully set out in specific detail herein below.

40. Plaintiff was subjected to sex discrimination in violation of Title VII.

41. The discrimination which Plaintiff was subjected included, but was not limited to, the lack of response and failure to take action against the harassers and to protect the female work force, different treatment than male employees, her termination, and other terms and conditions of her employment.

42. Because of Defendant's conduct, actions, and inactions, Plaintiff was not able to work in an environment free of sexual harassment and sex discrimination.

43. Defendant has no legitimate non-discriminatory reason is for its conduct against Plaintiff.

44. Plaintiff has suffered severe emotional distress including embarrassment and humiliation because of defendant's conduct.

45. Defendant acted with malice and/or reckless disregard for Plaintiff's rights.

## COUNT THREE: STATE LAW CLAIM OF NEGLIGENT AND/OR WANTON SUPERVISION

46. Plaintiff re-alleges and incorporates by reference paragraphs 1-45 above with the same force and effect as is fully set out in specific detail herein below.

47. This claim arises under the law of the State of Alabama to redress Defendant's negligent and/or wanton supervision of employees, supervisors, and management.

48. Plaintiff and other female employees were subjected to the conduct outlined above which was intentional, reckless, extreme and outrageous and such conduct caused emotional distress.

49. Defendant was negligent and/or wanton in its supervision of its employees, supervisors, and management.

50. Defendant had actual knowledge of the conduct of its employees, supervisors, and management, knew, or should have known of such conduct, and failed to take adequate steps to prevent and remedy the situation.

51. By its actions, Defendant ratified and/or condoned the illegal conduct of its employees, supervisors and management towards Plaintiff and others. Defendant has negligently and/or wantonly failed to supervise its workforce in order to prevent and stop the outrageous conduct.

52. Defendant's failure caused Plaintiff to suffer severe emotional distress, embarrassment, and humiliation.

53. Defendant acted with malice and/or reckless indifference and its conduct was wanton and/or grossly negligent.

### COUNT FOUR: STATE LAW CLAIM OF NEGLIGENT AND/OR WANTON RETENTION

54. Plaintiff re-alleges and incorporates by reference paragraphs 1-53 above with the same force and effect as is fully set out in specific detail herein below.

55. This claim arises under the law of the State of Alabama to redress Defendant's negligent and/or wanton retention of employees, supervisors, and management.

56. Plaintiff and other female employees were subjected to the conduct outlined above which was intentional, reckless, extreme and outrageous and such conduct caused emotional distress.

57. Defendant was negligent and/or wanton in its retention of employees, supervisors, and management.

58. Defendant had actual knowledge of the conduct of employees, supervisors, and management, knew or should have known of such conduct, and failed to take adequate steps to prevent and remedy the situation. By its actions, Defendant ratified and/or condoned the illegal conduct of its employees, supervisors and management towards Plaintiff and others.

59. Defendant has negligently and/or wantonly retained employees who engaged in harassing conduct and management employees who refused to handle the situation. By its actions/inaction, Defendant has allowed the outrageous conduct to continue.

60. Defendant's failure caused Plaintiff to suffer severe emotional distress, embarrassment, and humiliation.

61. Defendant acted with malice and/or reckless indifference and its conduct was wanton and/or grossly negligent.

## V.   **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.      Grant Plaintiff a declaratory judgment holding that actions of Defendant described herein above violated and continue to violate the rights of Plaintiff as secured by Title VII of the Civil Rights Act of 1964.

2.      Grant Plaintiff a permanent injunction enjoining Defendant, Defendant's agents, successors, employees, attorneys, and those action in concert with Defendant and on Defendant's behalf from continuing to violate Title VII of the Civil Rights Act of 1964, and the laws of the State of Alabama.

3.      Grant Plaintiff an Order requiring Defendant to make Plaintiff whole by awarding her reinstatement to her position, lost wages, benefits and interest, compensatory damages, punitive damages, and/or nominal damages.

4.      Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted,

*/s/ Rocco Calamusa, Jr.*
Rocco Calamusa, Jr. (asb-5324-a61r)
WIGGINS, CHILDS, PANTAZIS,
   FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
rcalamusa@wigginschilds.com

*Attorney for Plaintiffs*

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY.**

                                                 */s/ Rocco Calamusa, Jr.*
                                                 OF COUNSEL

**Plaintiff will serve Defendant the following: Summons, Complaint.**

**<u>Defendant's Address:</u>**
Daechang Seat Corp USA
c/o Jongho Kim, Reg. Agent
903 Fontaine Road
Phenix City, AL 36869

                                                 */s/ Rocco Calamusa, Jr.*
                                                 OF COUNSEL