IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLEY EDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:23-cv-684-RAH-CWB |
| | ) | [WO] |
| DAECHANG SEAT CORP. USA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Daechang Seat Corp. USA's *Partial Motion to Dismiss*, which seeks dismissal of the Amended Complaint's Title VII sex discrimination claim (Count Two). Daechang does not seek dismissal of Plaintiff Kimberley Edge's claims for Title VII retaliation or negligent/wanton supervision and retention. For the following reasons, the motion will be granted.

### JURISDICTION AND VENUE

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Personal jurisdiction and venue are uncontested, and venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

### STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the Court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*,

516 F.3d 1282, 1284 (11th Cir. 2008).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  But if the facts in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief,'" and the complaint must be dismissed.  *Id.* (alteration adopted) (citing Fed. R. Civ. P. 8(a)(2)).

## FACTUAL ALLEGATIONS

Plaintiff Kimberley Edge was a human resources and safety manager at Daechang from October 2019 until her termination in October 2022.  (Doc. 13 at 3.) In October 2022, several co-employees reported sexual harassment to Edge, which she investigated, confirmed, and then reported to Daechang senior management, including to J.B. Lee.  (*Id*. at 3-4.)  After receiving no response, Edge followed up with Lee and questioned him about the lack of response and the failure to take corrective action.  (*Id*. at 4.)  Lee then told Edge that he thought it best if they parted ways and asked her to resign.  (*Id*.)  Edge refused, and then was fired by Lee, who told her that "she complained too much and brought too many complaints to them." (*Id*. at 4-5.)  When Edge answered that she believed the termination was illegal, Lee

2

said that they would get statements from her co-workers complaining about her. (*Id*. at 5.)

After her termination, Edge filed a charge with the EEOC alleging sex discrimination and retaliation by Daechang. In Daechang's submissions to the EEOC, Daechang stated that Edge was terminated because of the complaints made against Edge by her co-workers, and not for the reasons previously stated by Lee—that "she complained too much and brought too many complaints to them." (*Id*. at 5.)

In her Amended Complaint, Edge states that her termination was discriminatory and retaliatory in violation of Title VII. She alleges that she, as well as other women, were unable to work in an environment free of sexual harassment and discrimination and that male employees sexually harassed her on numerous occasions. She also states that similar male management employees had received complaints against them from co-workers and were repeatedly found to have violated work rules relating to harassment, performance, and rude and abusive attitudes, but that they were not disciplined or terminated.

## ANALYSIS

In its motion to dismiss, Daechang moves to dismiss the sex discrimination claim because it fails to state a claim upon which relief can be granted. The Court agrees.

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case for sex discrimination under Title VII, Edge must show that: (1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) her employer treated similarly situated employees outside of her protected class more

favorably than she was treated; and (4) she was qualified to do the job. *Burke-Fowler v. Orange Cnty., Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006). While Edge is not required to plead every fact of a prima facie case, she must at a minimum assert facts demonstrating an intent to discriminate. *See Evans v. Ga. Reg'l Hosp.,* 850 F.3d 1248, 1253 (11th Cir. 2017) ("A Title VII complaint need not allege facts sufficient to make out a classic *prima facie* case, but must simply provide enough factual matter to plausibly suggest intentional discrimination.").

Edge has alleged that she is female, that she was a human resource manager, that she received numerous reports of sexual harassment from co-workers that she reported to senior management, and that her employment was terminated after she was told that she complained too much and brought too many complaints to management. While her complaint sufficiently alleges a claim for retaliation, it does not assert sufficient facts demonstrating an intent to discriminate based on sex in the context of her termination. In a vague and conclusory manner, she does allege that male management employees who had complaints lodged against them were not disciplined or terminated, but the allegations do not demonstrate the plausibility of a proper comparator or an intent to discriminate based on sex. Nor does she assert facts indicating a convincing mosaic of circumstantial evidence to support any inference that her termination was based on sex, rather than for the retaliatory reasons made the basis of her retaliation claim. The vague and conclusory allegations do not give Daechang fair notice of the grounds upon which Edge's sex discrimination claim rests. *See Jackson v. BellSouth Telecomms. Inc.*, 372 F.3d 1250, 1274 (11th Cir. 2004) ("wholly conclusory, generalized, and non-specific claims of disparate treatment . . . are simply insufficient to survive [a] motion to dismiss").

Edge's factual allegations in the Amended Complaint certainly support a claim for retaliation. But her attempt to repackage those same allegations into a sex

discrimination claim will not be permitted.  Because Edge has alleged no set of facts that could plausibly support a sex discrimination claim, Count Two is due to be dismissed.

## CONCLUSION

For the reasons stated, Defendant Daechang Seat Corp.  USA's *Partial Motion to Dismiss* (Doc. 16) is due to be and is hereby **GRANTED**.  Count Two for Title VI sex discrimination is **DISMISSED** without prejudice.  The remaining claims for Title VII retaliation and negligent/wanton supervision and retention will proceed.

**DONE** on this the 27th day of March, 2024.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE